UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| REGINALD BOXLEY,<br>  Petitioner,<br>v.<br>WARDEN JOYNER,<br>  Respondent. | Civil Action No. 6:18-150-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Reginald Boxley is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Boxley filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. For the reasons set forth below, the Court will deny Boxley's § 2241 petition without prejudice.

In 2002, a jury convicted Boxley of possession with the intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). The district court determined that Boxley was a career offender and sentenced him to 360 months in prison. *See United States v. Boxley*, No. 1:98-cr-10045-JDT-1 (W.D. Tenn. 2002). Boxley filed a direct appeal, but the United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment. *See United States v. Boxley*, 373 F.3d 759 (6th Cir. 2004). Boxley then unsuccessfully sought relief under 28 U.S.C. § 2255.

Boxley has now filed a § 2241 petition with this Court in which he challenges the validity of his sentence. Boxley argues that, in light of multiple United States Supreme Court and federal circuit court cases, he should not be subject to an enhanced sentence as a career offender because his prior Tennessee convictions for aggravated assault and first-degree burglary no longer qualify as "crimes of violence" under the federal sentencing guidelines. That said, Boxley also indicates that the Sixth Circuit granted his motion for authorization to file a second or successive motion to vacate his sentence under § 2255. Indeed, Boxley's second or successive §

2255 motion remains pending with the United States District Court for the Western District of Tennessee and, while litigating that matter, Boxley has put forth many of the same arguments that he raises in his § 2241 petition with this Court, including but not limited to his arguments based on *Mathis v. United States*, 136 S. Ct. 2243 (2016). *See Boxley v. United States*, No. 1:16-cv-1265-JDT-egb at R. 7 (W.D. Tenn. 2016).

Since Boxley's second or successive § 2255 motion remains pending with Western District of Tennessee, *see id.*, this Court will deny his § 2241 petition as premature. That is because while a prisoner may challenge his sentence in a § 2241 petition under very narrow circumstances, he first bears the burden of establishing that his remedy under § 2255 is inadequate or ineffective. *See Challoner v. Sepanek*, No. 16-6752 (6th Cir. 2017). Here, it is unclear whether Boxley's remedy under § 2255 is inadequate or ineffective because his second or successive § 2255 motion remains pending before the trial court. In short, until Boxley's second or successive § 2255 motion is fully resolved, his § 2241 petition is premature.

Accordingly, it is **ORDERED** as follows:

1. Boxley's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**. Boxley may reassert his petition once his second or successive motion to vacate his sentence under 28 U.S.C. § 2255 is fully resolved.

2. This action is **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

Dated May 23, 2018.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY